IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KARL KING, | ) | CASE NO. 1:22 CV 1491 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ATTORNEY BRIAN R. MCGRAW, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Karl King filed this legal malpractice action against his former criminal defense attorney Brian McGraw, claiming McGraw provided negligent representation at his sentencing. He suggests this may have resulted in a longer sentence being imposed. He seeks punitive damages in the amount of $10,000,000.00.

**Factual and Procedural Background**

King indicates he was a criminal defendant in the Northern District of Ohio. *See United States v. King*, No. 1:19 CV 646 (N.D. Ohio Dec. 20, 2021). He contends he had objections to the presentence report but McGraw would not present them to the Court. He states that when asked by the Court if he had reviewed the presentence report with his client, McGraw answered untruthfully stating that he had done so when, in fact, he had not reviewed it with King. When the Court asked King if he had reviewed the presentence report with McGraw, King informed the Court that they had not reviewed it. McGraw then admitted to the Court that he had not reviewed it at length with King. King asserts that McGraw committed perjury and committed malpractice

by failing to present his objections to the Court. He contends he could have received a more favorable sentence if the objections were considered.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

## Discussion

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

King failed to establish a basis for this Court's subject matter jurisdiction. Federal question jurisdiction is not present in this case because his only discernable claim is one of legal malpractice which arises under state tort law, not federal law. If federal jurisdiction exists, it must be based on diversity of citizenship. King has not provided any information on his state citizenship or the state citizenship of McGraw. Bureau of Prisons ("BOP") records indicate that King was a federal prisoner at RRM San Antonio in Texas. He indicated on his *In Forma Pauperis* Application that he was residing with his sister in Converse, Texas. The BOP now indicates that King has been released from custody. He has not updated the Court on his address upon his release. He has not given the Court any indication of his actual domicile. He provides no information on McGraw's domicile. King has the burden of establishing a basis for federal court jurisdiction. He has not met that burden.

### Conclusion

Accordingly, King's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e) for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: October 18, 2022

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-4-